IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA


ROY MOLINA,

           Plaintiff,                CV F 06 0691 LJO WMW PC

           vs.                       ORDER DISMISSING
                                 COMPLAINT
                                 WITH LEAVE TO AMEND

W. J. SULLIVAN, et al.,

           Defendants.


        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        This action proceeds on the complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at CCI Tehachapi, brings this civil rights action against defendant Warden Sullivan, Chief Medical Officer Tate, and Dr. Yin, employees of the CDCR at CCI Tehachapi.

        Plaintiff sets forth vague allegations of inadequate medical care.  Plaintiff essentially seeks to hold the named defendants liable based on their supervisory positions. Liability may be imposed on supervisorial defendants under § 1983 only if (1) the supervisor personally participated in the deprivation of constitutional rights or (2) the supervisor knew of the violations and failed to act to prevent them.  Hansen v. Black, 885 F.2d 642, 646 (9th Cir.

1

1989); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).  Plaintiff does not allege any factis indicating that any of the named defendants participated in, or knew of and failed to prevent, the alleged wrongs.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u> <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

The court finds the allegations in plaintiff's complaint vague and conclusory.   The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  <u>Jones</u> <u>v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  <u>Id.</u>  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u> <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed

1   deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

2   1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

3            In addition, plaintiff is informed that the court cannot refer to a prior pleading in

4   order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

5   amended complaint be complete in itself without reference to any prior pleading.  This is

6   because, as a  general rule, an amended complaint supersedes the original complaint.  See Loux

7   v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

8   pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

9   original complaint, each claim and the involvement of each defendant must be sufficiently

10   alleged.

11            In accordance with the above, IT IS HEREBY ORDERED that:

12            1.  Plaintiff's complaint is dismissed; and

13            2.  Plaintiff is granted thirty days from the date of service of this order to file a

14   first amended complaint that complies with the requirements of the Civil Rights Act, the Federal

15   Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

16   docket number assigned this case and must be labeled "First Amended Complaint."  Failure to

17   file an amended complaint in accordance with this order will result in a recommendation that this

18   action be dismissed.

19

20

21   IT IS SO ORDERED.

22   **Dated:    February 11, 2008**            **/s/  William M. Wunderlich**
                                          UNITED STATES MAGISTRATE JUDGE

23

24

25

26

                                          3